IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| NEW PINK SHELL, LLC<br><br>               Plaintiff,<br><br>v.<br><br>HOMEAWAY.COM, INC. t/d/b/a<br>HOMEAWAY.COM AND VRBO.COM.;<br>EREALESTATE HOLDINGS, LLC t/d/b/a<br>CONDO.COM;<br>RYREAL FLORIDA, LLC;<br>CMME PROPERTIES LLC;<br>MERV LARSON HOLDINGS LLC;<br>DIANE CRAWFORD;<br>JUDITH E. CLIFFORD;<br>CHARLES LUCAS;<br>CARRIE LUCAS;<br>WILLIAM E. SHENKO, JR.;<br>LINDA M. SHENKO<br>ROBERT BURNS,<br>               Defendants. | § § § § § § § § § § § § § § § § § § § § § § § § §  Case No: _____ |

**COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION, UNFAIR
COMPETITION, FALSE ADVERTISING, DECEPTIVE AND UNFAIR
TRADE PRACTICES, FACILITATING TRADEMARK
<u>INFRINGEMENT AND UNJUST ENRICHMENT</u>**

Plaintiff, New Pink Shell, LLC, by and through its undersigned counsel, alleges as follows based upon knowledge, information and belief:

### <u>PARTIES</u>

1. New Pink Shell, LLC ("NPS") is a Delaware corporation with a registered address of 45 West Prospect Avenue, Suite 1515, Cleveland, Ohio and a current business address of 8015 West Kenton Circle, Suite 220, Huntersville, North Carolina.

2. Defendants Homeaway.Com, Inc. t/d/b/a Homeaway.com and VRBO.com and eRealEstate Holdings, LLC t/d/b/a Condo.com (the "OTA Defendants") are, upon information and belief, corporate entities which operate web-based short-term residential rental property listing and booking services.

3. Defendants CMME Properties LLC; Merv Larson Holdings LLC; Ryreal Florida, LLC; Diane Crawford; Judith E. Clifford; Charles Lucas; Carrie Lucas; William E. Shenko, Jr.; Linda M. Shenko and Robert Burns (the "Owner Defendants") are owners of residential condominium units in a building with an address of 100 Estero Boulevard, Fort Myers Beach, Florida.

## NATURE OF ACTION AND JURISDICTION

4. This is an action for trademark infringement, knowing facilitation of trademark infringement, dilution, unfair competition, false advertising, and unjust enrichment under the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* ("Lanham Act"), and the laws of the State of Florida.

5. This Court has jurisdiction over this action under Section 39 of the Lanham Act, 15 U.S.C. § 1121, and Title 28 of the United States Code, §§ 1331 and 1338, and supplemental jurisdiction over state law claims under 28 U.S.C. § 1367(a).

## FACTS

**A.** **New Pink Shell and Its Mark**

6. New Pink Shell is the current owner of the Pink Shell Beach Resort and Marina (the "Pink Shell Resort"), a hotel and resort containing twelve acres and two hundred twenty five (225) units on site, as well as a spa, restaurant, swimming pool and other amenities, and is located at 275 Estero Boulevard, Fort Myers Beach, Florida 33931.

7. Use of the Pink Shell mark to identify the property began in 1958. At that time "Pink Shell" was used to identify the original Pink Shell Hotel, which was later developed into the Pink Shell Resort.

8. The Pink Shell Resort began operating more than sixty (60) years ago, during which time it has constantly improved its facilities, its image, its accommodations and its services. It is a winner for three consecutive years of the Conde Nast Traveler top resorts in Florida. In 2018 it secured the position of number 7, on that list, surpassing well-known brands including Ritz-Carlton, Waldorf Astoria and Four Seasons. The Pink Shell Resort has earned a distinguished reputation based upon the careful planning and substantial investment of its owners.

9. NPS owns the registered trademark "Pink Shell", identified as registration number 3,058,797 in the United States Patent and Trademark Office, which mark was registered on February 14, 2006 (the "Pink Shell Mark"). The registrations is valid, subsisting and incontestable pursuant to 15 U.S.C. § 1065. A copy of the certificate of registration for the Pink Shell Mark is attached as **Exhibit A**.

10. The Pink Shell Mark is inherently distinctive, serving to identify and indicate the unique level of quality, service and choice of amenities associated with the Pink Shell Resort in the Fort Myers Beach region, and to distinguish its level of quality, its available services and amenities from those of others within the same geographical area and elsewhere.

11. Additionally, as a result of NPS' extensive use and promotion of the Pink Shell Resort, utilizing the Pink Shell Mark, the Pink Shell Mark has become distinctive to designate the Pink Shell Resort to consumers of hospitality services. NPS has developed valuable goodwill in the Pink Shell Mark, and this mark is now famous.

12. NPS has developed and owns strong common-law rights in the Pink Shell Mark in Florida and throughout the United States.

**B.   "Pink Shell Vacation Villas" Condominium**

13. A building containing 30 individual residential condominium units is located at 100 Estero Boulevard, Fort Myers Beach, Florida 33931 ("100 Estero Boulevard"). 100 Estero Boulevard is approximately 0.1 miles or 528 feet from the Pink Shell Resort and on the same public boulevard.

14. The Owner Defendants are each owners of a single condominium unit within 100 Estero Boulevard.

15. The Owner Defendants have marketed their condominium units within 100 Estero Boulevard as short-term rentals available to the public. Upon information and belief, some or all of the Owner Defendants continue to do so.

16. The Owner Defendants advertise and promote their rental units by, among other things, providing information regarding these units for publication on travel and hospitality related websites, including, without limitation, the websites operated by the OTA Defendants.

**C.   Defendants' Unauthorized Use of the Pink Shell Mark**

17. In advertising and marketing their condominium units for short-term rental, the Owner Defendants have each identified their units as being located within "Pink Shell Vacation Villas," referring to 100 Estero Boulevard.

18. The Owner Defendants have each listed their units on websites operated by one or more of the OTA Defendants, in order to promote the units for short-term rental. Those website listings have identified the Owner Defendants' condominium units as being located within "Pink

Shell Vacation Villas," referring to 100 Estero Boulevard. Specific examples of these listings on the websites operated by the OTA Defendants are attached hereto collectively as **Exhibit B**.

19. In each such listing or advertisement, the "Pink Shell" mark is used to promote short-term rental of one or more of the Owner Defendants' condominium units.

20. None of the Defendants is authorized to use the Pink Shell Mark in connection with its business or otherwise and no Defendant owns a license for use of the mark.

21. By their unauthorized use of the Pink Shell Mark, Defendants are misrepresenting their rental units and services as being connected or affiliated with the Pink Shell Resort, which impression is aided by the fact that Defendants' rental units happen to be in very close geographic proximity to the Pink Shell Resort.

22. Upon information and belief, the Owner Defendants' units within 100 Estero Boulevard are not equivalent to the Pink Shell Resort in terms of the level of service, quality or amenities available to renters.

23. All Defendants are on actual notice of NPS' ownership of the Pink Shell Mark and Plaintiff's superior rights to the use of said Mark. Letters were sent to each of the Owner Defendants and each of the OTA Defendants on January 19, 2018 and January 25, 2018, clearly identifying NPS' registration and ownership rights concerning the Pink Shell Mark and demanding that each Defendant cease and desist use of the Pink Shell Mark. Copies of each of these letters are attached hereto as **Exhibits C – L**.

24. Despite such notice, Defendants have continued to utilize the Pink Shell Mark to advertise and market condominium units for short-term rental through websites operated by the OTA Defendants.

25. Defendants' conduct has the effect of deceiving consumers into believing that their condominium units and the services they offer are connected or affiliated with the Pink Shell Resort. Upon information and belief, Defendants continue to make such false representations in order to trade upon the Pink Shell Resort's enormous goodwill, with the result of injuring NPS and the Pink Shell Resort.

### D. Effect of Defendants' Conduct on NPS and the Consuming Public

26. Because the Owner Defendants have deliberately included, or caused others to include, the words "Pink Shell" in the text of web pages promoting or advertising their rental units, when consumers perform internet searches using the terms "Pink Shell", particularly when these consumers are searching for accommodations within the State of Florida, the internet search results will include various websites and pages advertising and promoting the Owner Defendants' rental units.

27. In addition, the close physical proximity of Defendants' rental units to the Pink Shell Resort misleads and confuses consumers into concluding that the Owner Defendants' rental units are somehow part of or affiliated with the Pink Shell Resort.

28. Defendants' unauthorized use of the Pink Shell Mark is likely to cause confusion, to cause mistake, and to deceive customers and potential customers of the parties as to some affiliation, connection or association of the Owner Defendants and/or 100 Estero Boulevard with NPS or the Pink Shell Resort, or as to the sponsorship or approval of the Owner Defendants' rental units or services by NPS or the Pink Shell Resort. Actual instances of customer confusion in this regard have already occurred.

29. Defendants' unauthorized use of the Pink Shell Mark falsely indicates to the public that the Owner Defendants property and/or services originate with NPS and/or the Pink

Shell Resort, or are affiliated with, connected with, associated with, sponsored by, endorsed by, or approved by, or are in some manner related to NPS and/or the Pink Shell Resort or its services.

30. The Pink Shell Mark is famous within the State of Florida pursuant to §495.151 of the Florida Statutes.

31. Defendants' unauthorized use of the Pink Shell Mark causes dilution of the distinctive quality of the Pink Shell Mark within the State of Florida.

32. Defendants' unauthorized use of the Pink Shell Mark enables the Owner Defendants to trade on and receive the benefit and goodwill built up at great labor and expense over many years by NPS and its predecessor owners, and to gain acceptance for the Owner Defendants not solely on their own merits, but on the reputation and goodwill of NPS and the Pink Shell Resort.

33. Defendants' unauthorized use of the Pink Shell Marks enables the Owner Defendants to pass off their rental units and services on the unsuspecting public as those of NPS and the Pink Shell Resort.

34. Defendants' unauthorized use of the Pink Shell Mark removes from NPS the ability to control the nature and quality of accommodations, amenities and services provided under its mark, and places the valuable reputation and goodwill of NPS in the hands of the Owner Defendants, over whom NPS has no control.

35. As a result of Defendants' unauthorized use of the Pink Shell Mark, all Defendants are being unjustly enriched at NPS' expense.

36. The OTA Defendants, by repeatedly and continuously identifying the Owner Defendants' units in website listing using the Pink Shell Mark, despite being on notice of NPS'

trademark rights and common law rights to the mark, have knowingly facilitated the infringement of a trademark, with knowledge or with reason to know of the infringement, and continue to do so.

37. Unless these unfair and deceptive practices and acts of unfair competition by Defendants are restrained by this Court, they will continue, and will continue to cause irreparable injury to NPS and to the public, for which there is no adequate remedy at law.

E. **Willful Nature of Defendant's Activities**

38. Defendants' activities complained of herein have been malicious, fraudulent, deliberate, willful, intentional, and in bad faith, with full knowledge and conscious disregard of NPS' rights. In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT
(vs. The Owner Defendants)

39. NPS repeats the above allegations in paragraphs 1 through 38 as if fully set forth herein.

40. Trademark infringement occurs when a defendant: (1) uses any reproduction, counterfeit, or copy of a registered mark; (2) in commerce; (3) in connection with the sale, offering for sale, distribution, or advertising of any goods or services; (4) where such use is likely to cause confusion, or to cause mistake, or to deceive.

41. NPS has a protectable interest in the Pink Shell mark.

42. The Owner Defendants have, without license or privilege, used the Pink Shell mark to advertise, market and offer their properties for short term rental to the public.

43. Such use of the Pink Shell mark is likely to cause and has caused confusion and mistake among consumers.

44. The acts of the Owner Defendants complained of herein constitute infringement of NPS' registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT II: CONTRIBUTORY TRADEMARK INFRINGEMENT
### (vs. The OTA Defendants)

45. NPS repeats the above allegations in paragraphs 1 through 38 as if fully set forth herein.

46. The OTA Defendants have knowingly facilitated the Owner Defendants' infringement of a trademark, with knowledge or with reason to know of the infringement, and continue to do so.

## COUNT III: FEDERAL UNFAIR COMPETITION
### (vs. The Owner Defendants)

47. NPS repeats the above allegations in paragraphs 1 through 38 as if fully set forth herein

48. Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, engages in unfair competition under the Lanham Act.

49. The Owner Defendants misused the Pink Shell Mark to create a false and misleading identification of their properties.

50. Such misuse is likely to cause confusion, mistake and to deceive consumers as to the origin, affiliation and approval of the properties and short term lodging services of the Owner Defendants, because consumers are likely to mistakenly associate the properties of the Owner Defendants with the Pink Shell Resort.

51. The acts of the Owner Defendants complained of herein constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## COUNT IV: STATE LAW TRADEMARK INFRINGEMENT
### (vs. The Owner Defendants)

52. NPS repeats the above allegations in paragraphs 1 through 38 as if fully set forth herein.

53. Fla. Stat. § 495.131 provides that any person who shall, without the consent of the registrant: (1) Use any reproduction, counterfeit, copy, or colorable imitation of a mark registered under this chapter in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, to cause mistake, or to deceive; or (2) reproduce, counterfeit, copy, or colorably imitate a mark registered under this chapter and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles, or advertisements intended to be used upon or in connection with the sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, to cause mistake, or to deceive, shall be liable the registrant.

54. The Owner Defendants have committed trademark infringement under Fla. Stat. § 495.131.

### COUNT V: COMMON LAW UNFAIR COMPETITION
### (vs. The Owner Defendants)

55. NPS repeats the above allegations in paragraphs 1 through 38 as if fully set forth herein.

56. The Owner Defendants compete with NPS for a common pool of consumers, which is constituted by members of the public seeking short term lodging rental in Fort Myers Beach, Florida.

57. The actions of the Owner Defendants described herein are: (1) deceptive or fraudulent conduct of a competitor; and, (2) cause a likelihood of consumer confusion.

58. The acts of Defendants complained of herein constitute unfair competition in violation of the common law of Florida.

### COUNT VI: TRADEMARK DILUTION UNDER STATE LAW
### (vs. All Defendants)

59. NPS repeats the above allegations in paragraphs 1 through 38 as if fully set forth herein

60. As a result of NPS' extensive use and promotion of the Pink Shell Resort, utilizing the Pink Shell Mark, the Pink Shell Mark has become distinctive to designate the Pink Shell Resort to consumers of hospitality services, and the mark is now famous throughout the State of Florida.

61. Defendants' misuse of the Pink Shell mark is likely to cause dilution of the distinctive quality of the Pink Shell mark

62. The acts of Defendants complained of herein constitute trademark dilution in violation of Fla. Stat. §495.151.

## COUNT VII: FALSE ADVERTISING
### (vs. All Defendants)

63. NPS repeats the above allegations in paragraphs 1 through 38 as if fully set forth herein.

64. Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,

65. By misusing the Pink Shell mark in their advertising and promotions, Defendants misrepresenting the nature, characteristics and qualities of their properties by falsely associating them with the Pink Shell Resort. The acts of Defendants complained of herein constitute false advertising in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

## COUNT VIII: UNJUST ENRICHMENT
### (vs. All Defendants)

66. NPS repeats the above allegations in paragraphs 1 through 38 as if fully set forth herein.

67. Defendants have knowingly received the benefit of use of the Pink Shell Mark, have voluntarily accepted and retained that benefit, and the circumstances render their retention of the benefit inequitable unless the Defendants pay to the NPS the value of the benefit.

68. The acts of Defendants complained of herein constitute unjust enrichment of Defendants at NPS' expense.

## COUNT VIII: DECEPTIVE AND UNFAIR TRADE PRACTICES UNDER STATE LAW
### (vs. The Owner Defendants)

69. NPS repeats the above allegations in paragraphs 1 through 38 as if fully set forth herein.

70. The acts of Defendants complained of herein constitute deceptive and unfair trade practices under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §501.201 et seq.

## PRAYER FOR RELIEF

WHEREFORE, NPS prays that:

a) The Court makes a determination that the Defendants' use of the Pink Shell name and/or trademark is violating §43(a) of the Lanham Act (15 U.S.C. § 1125);

b) Defendants, their agents, servants, employees, attorneys, and all those persons in active concert or participation with them, be permanently enjoined from using the Pink Shell Mark, any copy or colorable imitation of the Pink Shell Mark, or any other mark confusingly similar thereto or likely to dilute its distinctive quality;

c) Defendants, their agents, servants, employees, and all those persons in active concert or participation with them, be ordered to permanently remove from their websites any appearance whatsoever of the Pink Shell Mark, and that they further be ordered to obtain the permanent removal of the Pink Shell Mark from the websites of any other entity currently using the Pink Shell Mark to advertise or promote Defendants' rental units or their property at 100 Estero Boulevard;

d) Defendants be ordered to file with this Court and to serve upon NPS, within 30 days after the entry and service on Defendants of an injunction, a report in writing

and under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

e) NPS recover all damages it has sustained as a result of Defendants' activities and that said damages be trebled;

f) An accounting be directed, at Defendants' expense, to determine Defendants' profits resulting from Defendants' illegal activities, and that such profits be paid over to NPS, increased as the Court finds to be just under the circumstances of this case;

g) NPS be awarded statutory damages in the amount to be determined;

h) NPS recover its reasonable attorney fees;

i) NPS recover its costs of this action and prejudgment and post-judgment interest; and

j) NPS recover such other relief as the Court may deem appropriate.

Dated: March 28, 2019

Respectfully submitted,

*[signature]*

Paul A. Giordano
Florida Bar No. (194190)
pgiordano@ralaw.com
Roetzel & Andress, LPA
2320 First Street
Suite 1000
Fort Myers, FL 33901
Telephone: 239.337.3850

*and*

**PHV APPLICATION TO BE FILED**

Sandy B. Garfinkel
Pa. I.D. No. 62906
Sandy B. Garfinkel
SGarfinkel@eckertseamans.com
Eckert Seamans Cherin & Mellott, LLC
600 Grant Street, 44th Floor
Pittsburgh, Pennsylvania 15219
Phone: 412-566-6000
Fax:   412-566-6099

13661250_1